United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Brandon Marcus Kain,

    Defendant.

Case No. 21-CR-20234

Hon. Stephanie Dawkins Davis
United States District Court

## Plea Agreement

The United States of America and the defendant, Brandon Kain, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.  Count of Conviction**

The defendant will plead guilty to Count 1 of the indictment. Count 1 charges the defendant with unlawfully attempting to damage or destroy by explosive device a building used in interstate commerce in violation of 18 U.S.C. § 844(i).

**2.  Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following statutory penalties:

| Count 1 | Term of imprisonment: | Not less than 5 years and no more than 20 years |
| --- | --- | --- |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

The defendant understands that Count 1 requires a mandatory minimum sentence of 60 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

### 3. Elements of Count of Conviction

The elements of Count 1 are:

1. The defendant attempted to damage or destroy a building by means of an explosive device;

2. The act was willful and malicious;

3. The building was used in interstate commerce or in any activity affecting interstate commerce.

### 4. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On August 3, 2020, at approximately 1:00 p.m., Brandon Kain, was driven to 13044 Virginia Drive, Montrose Township, MI, by his girlfriend, Danelle Marie Crowl. After arriving at the trailer, Kain exited Danelle Crowl's SUV disguised

with a clown mask covering his face, a black hoodie pulled over the mask, black sweatpants, and black gloves. After he exited the vehicle, Kain walked toward the trailer and pulled a .38 caliber handgun from his pocket and shot four times into the trailer, shattering a large window in the baby's room. As he shot the gun, he walked up next to the trailer, broke more glass out of the baby's room window, and lit the wick of an explosive device, that is, a commercial grade firework. After lighting the firework, he threw it into the baby's room and ducked below the window. The firework detonated in the baby's room causing damage to some of the contents of the room including the crib, bedding, and curtains. In addition, the trailer was also damaged as a result of the .38 caliber rounds which Kain discharged into the residence.

Three adults and one infant were in the trailer at the time, however none of the individuals were physically injured. The house trailer located at 13044 Virginia Drive is a rental property which the defendant agrees affects interstate commerce.

5. **Advice of Rights**

The defendant has read the indictment, has discussed the charge and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

 A. The right to plead not guilty and to persist in that plea;

 B. The right to a speedy and public trial by jury;

 C. The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

 D. The right to an appointed attorney, if the defendant cannot afford to retain one;

 E. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

 F. The right to confront and cross-examine adverse witnesses at trial;

 G. The right to testify or not to testify at trial, whichever the defendant chooses;

 H. If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

 I. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

 J. The right to compel the attendance of witnesses at trial.

**6.** **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed

from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 7. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1— the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.  Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision applies to the defendant's guideline calculation on Count 1:

That the defendant's actions in attempting to destroy a dwelling with an explosive device while three adults and an infant were present in the dwelling created a substantial risk of death or serious bodily injury and, pursuant to USSG §2K1.4, a base offense level of 24 is appropriate.

### D. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 4, 7.B, and 7.C. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 4, 7.B. and 7.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed 60 months.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the Court impose a two-year term of supervised release.

### 2. No Right to Withdraw

The government's recommendation in paragraph 8.C.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. The defendant also understands that the government's agreement concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The defendant agrees to pay restitution for any and all damages that resulted from the defendant discharging a firearm into the residence and causing an explosive device to discharge in the residence. Said damages shall also include any damages caused by investigator's attempts to recover evidence from the shooting and explosive device.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the

United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

If the defendant receives an inheritance, any settlements (including divorce settlement or personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution still owed.

**F.      Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 9. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 10. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**11.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**12.   Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**13.   Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

14. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

15. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on January 23, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

*Anthony P. Vance* (signature)
Anthony P. Vance
Chief, Branch offices
Assistant United States Attorney

Dawn N. Ison
United States Attorney

*Timothy M. Turkelson* (signature)
Timothy M. Turkelson
Assistant United States Attorney

Dated: 01/07/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

*Sanford Schulman* (signature)
Sanford Schulman
Attorney for Defendant

*Brandon Kain* (signature)
Brandon Kain
Defendant

Dated: JANUARY 20, 2022